■ GLENN M. SIBLEY, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 41529.) — AULISI, J. Appeal from a judgment of the Court of Claims awarding $15,500 for the appropriation of certain lands for highway purposes. The taking was of 0.327 acres in the Town of Conklin, Broome County, from a five-acre parcel fronting on heavily trafficked Route 7. It included a strip about 622 feet along the front of claimant's property with a depth of 20 feet on the north, approximately 30 feet in the center and 0 feet on the south; a permanent easement for drainage purposes with 25 feet of frontage from the highway to the Susquehanna River; a refreshment stand; a golf stand; part of a miniature golf course; and parking area. The grade of the highway was raised along the entire frontage from one to five feet. The State urges that the trial court's decision failing as it does to make findings relating to value of individual parcels is inadequate for the purpose of appellate review and that the amount of the award is excessive. We do not agree and find that contrary to the State's contention claimant's expert submitted a summary sheet listing the direct and consequential damage of each taking and testified in some detail as to certain of these items. He also stated that a list of comparable sales was provided the State. We find no compelling reason for disturbing the trial court's award. It appears from the record that there is sufficient proof to sustain the findings. It falls within the range of the experts' differing valuations. In our view, the award is not excessive. Judgment affirmed, with costs. Herlihy, J. P., Reynolds, Taylor and Hamm, JJ., concur.

■ In the Matter of the Estate of SAMUEL W. MANN, Deceased. ANNA F. MANN et al., Appellants; JOSEPH H. MANN, SR., et al., Respondents.— MEMORANDUM BY THE COURT. Appeal from an order of Surrogate's Court of Albany County directing the appellants to appear and be examined before trial. The proceedings in Surrogate's Court are directed to the validity of the last will and testament of Samuel W. Mann. An action was commenced in the Supreme Court between the parties hereto with reference to certain assets of the decedent and for the return of moneys and properties alleged to have been fraudulently obtained and withheld. We are of the opinion that the issues involved in the Supreme Court action are such that the Surrogate's Court proceedings cannot be finally adjudicated until there has been a judgment in the Supreme Court, which determination may substantially affect the value of the decedent's estate and other facets involving the probate of the last will and testament of Samuel W. Mann, deceased, and presently being administered by a temporary administrator. In furtherance of orderly procedure, the parties should therefore direct their immediate attention to a disposition of the Supreme Court action, during the pendency of which the proceedings in Surrogate's Court are hereby stayed. (See *Matter of Tebin*, 7 A D 2d 720.) Settle order on notice. Gibson, P. J., Herlihy, Reynolds, Taylor and Hamm, JJ., concur.